UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PETER KUZMENKO,<br><br>Defendant. | No. 2:14-cr-00044-TLN<br><br><br>**ORDER** |

     This matter is before the Court on Defendant Peter Kuzmenko's ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (ECF No. 201.)  The Government filed an opposition.  (ECF No. 206.)  Defendant filed a reply.  (ECF No. 207.)  For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On February 20, 2014, a grand jury returned a six-count indictment against Defendant and five co-conspirators. (ECF No. 1.) This indictment was one of three brought against Defendant for similar financial schemes.[1] The instant indictment alleged that Defendant managed a tax fraud conspiracy involving 90 false federal income tax returns, for which he received "no less than $52,562 in fraudulent returns directly into his shell account." (ECF No. 206 at 6.) On November 4, 2011, Defendant was ordered released on bond under the supervision of Pretrial Services. (ECF No. 17.) On June 19, 2014, Defendant was ordered detained for violations of the conditions of his pretrial release. (ECF No. 58.)

On September 9, 2016, pursuant to a written plea agreement, Defendant pleaded guilty to Count One, conspiracy to defraud the United States in violation of 18 U.S.C. § 286. (ECF No. 206 at 6.) Judge Burrell sentenced Defendant to a 78-month term of imprisonment to run concurrently to the 252-month aggregate term of imprisonment imposed in 2:11-cr-000210-DAD and 2:11-cr-00450-TLN, followed by a 36-month term of supervised release. (ECF No. 206 at 6.) Defendant has served approximately 128 months of his 252-month sentence, and his projected release date with good conduct time is October 28, 2032. (*Id*. at 7.) Defendant filed the instant motion for compassionate release on August 25, 2023. (ECF No. 201.)

///
///
///
///

---

[1] Case numbers 2:11-cr-00210-DAD ("Case No. 11-cr-210") and 2:11-cr-00450-TLN ("Case No. 11-cr-00450") are the two other cases related to this action. In Case No. 11-cr-210, after a jury trial, Defendant was convicted of 14 counts of wire fraud, 2 counts of mail fraud, and 3 counts of money laundering. (ECF No. 206 at 3.) Judge Mendez sentenced Defendant to a 228-month term of imprisonment and a 36-month term of supervised release. (*Id*.) In Case No. 11-cr-00450, Defendant was convicted of conspiracy to commit wire fraud, and the undersigned sentenced Defendant to a 71-month term of imprisonment, 24 months of which would run consecutively with the sentences imposed in the related cases, and a 60-month term of supervised release. (*Id*. at 5.) Defendant filed identical motions for compassionate release in all three related cases. This Order only addresses the motion filed in the instant case.

**II.     ANALYSIS**

     A.     <u>Exhaustion</u>

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement.  Defendant made a request to the warden for Compassionate Release on July 17, 2023.  (ECF No. 201 at 6.)  Because more than 30 days have elapsed since that request, Defendant has met the exhaustion requirement.  *See* 18 U.S.C. § 3582(c)(1)(A).

     B.     <u>Extraordinary and Compelling Reasons</u>

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Ninth Circuit has held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (2021).  The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."  *Id.*  The Court thus looks to § 1B1.13 as persuasive authority.

The Application Notes to § 1B1.13 define "extraordinary and compelling reasons" to "exist under any of six enumerated circumstances, or a combination thereof, relating to: (1) the medical circumstances of the defendant; (2) the age of the defendant; (3) family circumstances of the defendant; (4) the defendant being a victim of abuse while in custody; (5) other reasons of

1  similar gravity; and (6) an unusually long sentence." U.S.S.G. § 1B1.13 cmt. n. 1; *see United*
2  *States v. Morales*, No. 2:16-cr-00241-KJM, 2024 WL 967658, at *2 (E.D. Cal. Mar. 6, 2024)
3  (applying the policy statement of U.S.S.G. § 1B1.13 as amended).

4      In arguing there are extraordinary and compelling reasons for his release, Defendant
5  contends: (1) the 29 months he spent on pretrial release should be considered as "extraordinary
6  pre-sentence rehabilitation and conduct"; (2) the ten counts in which he was acquitted at trial in
7  Case No. 11-cr-210 were impermissibly used to lengthen his sentence; and (3) his good conduct
8  while incarcerated, taken together with the foregoing reasons, create and extraordinary and
9  compelling reasons for release. (ECF No. 201 at 7–10.) In opposition, the Government argues
10 none of these circumstances justify Defendant's release. (ECF No. 206 at 6.) As discussed
11 below, the Court agrees with the Government.

12     First, Defendant asserts the Court should consider the 29 months he spent on
13 electronically monitored pretrial release. (ECF No. 201 at 7.) However, the Court already
14 considered Defendant's conduct on pretrial release prior to sentencing Defendant. Further, the
15 Government correctly points out that Defendant's pretrial release was revoked because he
16 overdosed on opiates while on supervision. (ECF No. 58; ECF No. 206 at 11.) To the extent
17 Defendant argues his time on pretrial release should count toward the time served on his sentence,
18 Defendant fails to cite authority to support such a proposition. For all these reasons, Defendant
19 fails to persuade the Court that his conduct on pretrial release is an extraordinary and compelling
20 reason for release.

21     Second, Defendant argues his acquitted conduct constitutes an extraordinary and
22 compelling reason for his release. (ECF No. 201 at 9.) Defendant's argument lacks clarity, but
23 he seems to argue that his sentence in the instant case was improperly based his sentence on
24 acquitted conduct in Case No. 11-cr-210. (*Id.*) The Government contends in opposition that none
25 of the acquitted conduct was associated with the tax fraud conspiracy for which he pleaded guilty
26 in the instant case. (ECF No. 206 at 11.) The Court agrees with the Government. Put simply,
27 Defendant's 78-month sentence of imprisonment in the instant case fell within the applicable
28 guideline range of 70 to 87 months, and Defendant fails to provide evidence that Judge Burrell

improperly considered acquitted conduct from Case No. 11-cr-210 in making that determination. Similarly, the Court rejects Defendant's implicit argument that he received an "unusually long sentence" within the meaning of U.S.S.G. § 1B1.13 cmt. n. 1. Defendant's argument seems to pertain to the 228-month sentence imposed in Case No. 11-cr-210, which is not before the Court. Defendant fails to persuade the Court that the 78-month sentence imposed in the instant case was unusually long, or that it was based on acquitted conduct.

Third, Defendant argues his efforts to rehabilitate in prison should aid a finding of extraordinary and compelling reasons for compassionate release. Although "rehabilitation alone shall not be considered an extraordinary and compelling reason," Defendant asserts "it can interact with other factors to create an extraordinary and compelling reason for compassionate release." (ECF No. 201 at 10.) While the Court commends Defendant on his rehabilitation efforts while in custody, the Court notes that Defendant has sustained several disciplinary sanctions, "resulting in the loss of 273 days good conduct time." (ECF No. 206 at 7.) These sanctions, from possession of a dangerous weapon, assault without serious injury, to possession of drugs and alcohol "repeatedly" counteract Defendant's argument. (*Id*.) As such, the Court finds Defendant's rehabilitation efforts do not constitute extraordinary and compelling reasons for release. Accordingly, the Court concludes Defendant has not established extraordinary and compelling reasons for compassionate release.

C. 18 U.S.C. § 3553(a) Factors

In addition, the Court finds compassionate release is not warranted under the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors. 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release). In arguing the § 3553(a) factors warrant a time served sentence, Defendant discusses his positive performance on pretrial release, his rehabilitative efforts while incarcerated, his family support, and his employment prospects. (ECF No. 201 at 11.) He further points to the length of sentence imposed, the nonviolent nature of his offenses, and that he has served approximately 50% of his total sentence. (*Id*.) The Government contends the nature and circumstances of Defendant's offenses are profoundly serious, and do not warrant compassionate release under the § 3553(a) factors. (ECF No. 206 at 13.)

The Court again commends Defendant for the positive steps he has taken to improve his life while in custody. However, Defendant fails to persuade the Court that the § 3553(a) factors weigh in favor of a sentence reduction, especially considering the serious nature and circumstances of Defendant's offense. Accordingly, the Court declines to reduce Defendant's well-supported, within-guideline sentence of 78 months.

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release. (ECF No. 201.)

IT IS SO ORDERED.

Date: October 15, 2024

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE